IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Ryan K. Dinga, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO DISMISS** |
| | ) | |
| vs. | ) | |
| | ) | |
| Myron Dinga, et al., | ) | Case No. 1:19-cv-273 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-entitled action *pro se* on December 13, 2019. (Doc. No. 1). On December 27, 2019, he filed notice of his consent to the magistrate judge's exercise of jurisdiction. (Doc. No. 4).

On January 3, 2020, defendants filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 5). On January 13, 2020, they filed notice of their consent to the magistrate judge's exercise of jurisdiction. (Doc. No. 14).

For the reasons set forth below, defendants' Motion to Dismiss is granted and the above-captioned action is dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff initiated this action against six defendants. He seeks, among other things, to recover farmland and other property he apparently lost in bankruptcy. (Doc. No. 1). He is a resident of Minot, North Dakota. (Id.). Two of the defendants reside in Riverside, California, The other four defendants reside in Bismarck, North Dakota. (Id.).

On January 3, 2020, the defendants filed a motion to dismiss this action for lack of jurisidiction. Plaintiff has yet to file a response. His silence may be deemed an admission that

1

motion is well take. D.N.D. Civ. L.R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").

## II. DISCUSSION

### A. Jurisdictional Requirements

Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 377 (1994). As a consequence, Fed. R. Civ. P. 8(a)(1) requires a person suing in federal court to set forth in the complaint the basis for the court's jurisdiction. The failure to do so is grounds for dismissal. See Shelter Mut. Ins. Co. v. Public Water Supply Dist. No. 7 of Jefferson County, Mo., 747 F.2d 1195, 1197 (8th Cir. 1984).

Federal courts have original subject matter jurisdiction over claims for alleged violations of federal laws or the United States Constitution. See 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(3) (jurisdiction for enforcement of federal constitutional and statutory rights). Federal courts also have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Complete diversity exists when no defendant is a citizen of the same state as any plaintiff. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

### B. Fed. R. Civ. P. 12(b)(1)

Parties may assert a lack of jurisdiction by motion under Fed. R. Civ. P. 12(b)(1). This

defense may be brought in two ways: by facial attack or by factual attack. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015). A facial attack simply asserts the plaintiff has not plead a basis for subject matter jurisdiction. Id. In a facial attack, the court must afford the non-moving party the benefit of the Rule 12(b)(6) safeguards, and it may only consider the pleadings and "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint.'" Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Cox v. Mortg. Elec. Registration Sys., Inc., 685 F.3d 663, 668 (8th Cir. 2012)). A factual attack asserts the actual existence of subject matter jurisdiction is lacking "irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Branson Label, 793 F.3d at 914-15 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

**C.     Analysis**

It is abundantly clear on the face of this pleadings that this court lack subject jurisdiction. Plaintiff is not seeking enforcement of any federal statutory or constitutional rights. Plaintiff states on the page five of his complaint that he and four of six defendants are residents of North Dakota. Thus, there is not complete diversity of citizenship amongst the parties.

**III.    CONCLUSION**

Defendant's Motion to Dismiss (Doc. No. 5) is **GRANTED**. The above-entitled action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2020.

                              */s/ Clare R. Hochhalter*
                              Clare R. Hochhalter, Magistrate Judge
                              United States District Court